## Churchill v. Eberle Tanning Company

*F. S. Hughes*, for claimant; *Crichton & Owlett*, for defendant.

MARSH, P. J., January 15, 1931.—This case comes before the court on an appeal from the decision of the Workmen's Compensation Board sustaining the referee's decision, refusing the petition of claimant for a reinstatement of his compensation claim.

The facts upon which the appeal rests are that, after the claimant's petition for compensation had been refused by the referee and the compensation board, a petition for review was filed which the referee refused, holding that the claimant's condition was not the result of his accident, but was due to a specific infectious condition. This finding was affirmed by the compensation board and by the Court of Common Pleas of Tioga County.

A petition for reinstatement was then filed, the claimant alleging that he suffered from a permanent partial disability which resulted from his accident. The referee dismissed the petition, holding that because of the adjudication on the petition for review he was without jurisdiction. This decision the compensation board affirmed in an opinion in which it said: "It is apparent that the claimant is seeking to raise the same question which we have already decided. The claimant was disabled when his petition for review was presented, and we held that his disability did not result from accident."

The question for decision on this appeal is whether the compensation board erred as a matter of law in sustaining the decision of the referee, in holding the decree in the petition for review deprived him of jurisdiction. As a general rule, jurisdiction of a petition for reinstatement based on a recurrence of disability due to an accident is not ousted by a previous decision in which a recurrence was not an issue.

In the present case, however, there had been a review in which there was a finding that the claimant's condition resulted from an infectious condition and not from the accident. It was upon this finding of fact that the affirming decision of the compensation board and of the court of common pleas was based. If the compensation board is correct in finding that the petition for reinstatement raises the identical question determined in the petition for review, its decision is unassailable, and we find nothing in the record to contradict this. The appeal is dismissed.